ANTHONY SCHREINER, EXECUTOR OF THE LAST WILL
AND TESTAMENT OF FRANK L. SCHREINER, DE-
CEASED, RESPONDENT, v. DELAWARE, LACKAWANNA
AND WESTERN RAILROAD COMPANY, A CORPORATION,
AND HARRY CLOREN, RAYMOND A. WEBBER AND ED-
WIN J. WEBBER, PARTNERS, TRADING UNDER THE
FIRM NAME AND STYLE OF EFFICIENT MOTOR
TRANSPORTATION COMPANY, APPELLANTS.

Submitted March 26, 1923—Decided May 10, 1923.

On appeal from the Supreme Court in which the follow-
ing *per curiam* was filed:

"The plaintiff, executor of decedent, sued the Deleware,
Lackawanna and Western Railroad Company and the Efficient
Motor Transportation Company in the Hudson County Cir-
cuit Court, and the plaintiff had a verdict and judgment
against both defendants. Both defendants prosecute this
appeal.

"At the trial it appeared that plaintiff's decedent, Frank
L. Schreiner, was a passenger on a ferry boat owned and
operated by the railroad company from 23d Street, New
York, to Hoboken. He boarded the ferry boat and proceeded
to a position in the front end of the boat, being the central
portion of the forward part of the boat chained off apparently
for the use of passengers. At any rate it appeared and was
in effect admitted that the space was reserved for foot pas-
sengers during the rush hours, at which time the accident
happened. While there, a heavy motor truck, owned and
operated by the defendant, the Efficient Motor Transportation
Company, came through the team gangway at a high and
dangerous rate of speed, entirely out of control, and crashed
through the chain, causing it to snap and strike the plaintiff's
decedent, throwing him in front of the truck which then ran
over him and injured him so severely that he died. So at
least the evidence tended to show.

"With respect to the negligence of the Efficient Motor Transportation Company, it is sufficient to say that the evidence respecting the plainly obvious defective condition of the brake and driving chain of the truck, made the negligence of the company in inspection and repair a jury question. So, too, the questions of the alleged contributory negligence and assumption of risk of the decedent were at most for the jury. Consequently, the motions to nonsuit and to direct a verdict made by that company were properly refused.

"As to the railroad company, their contention is that their negligence in failing to take proper precautions for the safety of the decedent was not the proximate cause of defendant's injury, and therefore a verdict should have been directed in the railroad's favor, or a nonsuit granted as to it. But with respect to this it is sufficient to say that the facts upon which contention is predicated were in dispute, and hence a verdict could not have been directed nor a nonsuit granted.

"The judgment will be affirmed, with costs."

For the appellant, the Delaware, Lackawanna and Western Railroad Company, *Frederic B. Scott.*

For the appellant, Efficient Motor Transportation Company, *Sidney Jacobs.*

For the respondent, Anthony L. Schreiner, executor, &c., *Lewis B. Eastmead.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, VAN BUSKIRK, JJ.     11.

*For reversal*—None.